UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAFAEL SANTOS,<br><br>                         Movant,<br><br>            -against-<br><br>UNITED STATES OF AMERICA,<br><br>                         Respondent. | 1:88-CR-0642-03 (LAP)<br><br>1:20-CV-4571 (LAP)<br><br>TRANSFER ORDER |

LORETTA A. PRESKA, United States District Judge:

Movant Rafael Santos, who is currently incarcerated in the Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania, brings this *pro se* "Motion to File a Leave an Amend Petition Under Original Pleading of 28 U.S.C. § 2255(f)(1) Under --New Pending Supreme Court Caselaw *Guerrero-Lasprilla v. Barr*, No. 18-776 [Arg: 12.9.2019]," challenging the constitutionality of his conviction and sentence entered in *United States v. Santos*, ECF 1:88-CR-0642-03, 224 (S.D.N.Y. May 25, 1989). For the reasons set forth below, the Court transfers this action to the United States Court of Appeals for the Second Circuit.

The proper jurisdictional basis for the relief Santos seeks is 28 U.S.C. § 2255, not the basis for the present submission. A § 2255 motion "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence." *Jiminian v. Nash*, 245 F.3d 144, 146-47 (2d Cir. 2001). Santos has previously challenged his conviction and sentence by filing a § 2255 motion. That motion was denied by the district court on procedural-default grounds. *Santos v. United States*, Nos. 93-CV-3025, 88-CR-3025, 1993 WL 276087, at *1-2 (S.D.N.Y. July 16, 1993).

A § 2225 motion is second or successive when a previous § 2255 motion has been adjudicated on the merits. *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). A court

may recharacterize a submission as a second or successive § 2255 motion without providing the

movant an opportunity to withdraw the submission. *See Jiminian*, 245 F.3d at 148. Santos has

already filed a § 2255 motion that was denied on procedural-default grounds, which is a denial

on the merits for the purpose of determining whether any subsequently filed submission is a

second or successive § 2255 motion. *See Carter v. United States*, 150 F.3d 202, 205-06 (2d Cir.

1998). The Court therefore recharacterizes the present motion as a second or successive § 2255

motion.

Before a movant may file a second or successive § 2255 motion in a district court,

authorization from the appropriate court of appeals is required. 28 U.S.C. §§ 2244(b)(3)(A),

2255(h). Santos has not indicated that he received authorization from a court of appeals to file

the present motion. He must therefore request permission to pursue the present motion from the

United States Court of Appeals for the Second Circuit. Because second or successive motions

should be transferred to the appropriate court of appeals, *see Liriano v. United States*, 95 F.3d

119, 122-23 (2d Cir. 1996), in the interest of justice, the Court transfers this motion to the United

States Court of Appeals for the Second Circuit.

## CONCLUSION

Chambers will mail a copy of this order to Santos.

In the interest of justice, the Court transfers this motion to the United States Court of

Appeals for the Second Circuit as a second or successive § 2255 motion. *See* 28 U.S.C. § 1631;

*Liriano*, 95 F.3d at 122-23. This order closes this action.

Because the present motion makes no substantial showing of a denial of a constitutional

right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose

of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that "a defendant's good faith in [a criminal] case [is] demonstrated when he seeks appellate review of any issue not frivolous").

SO ORDERED.

Dated:    June 23, 2020
          New York, New York

_____
LORETTA A. PRESKA
United States District Judge